# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3492 | **DATE** | 5/26/2004 |
| **CASE TITLE** | Directv vs. Massey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 08/19/04 at 9:00 a.m. Plaintiff's oral motion to dismiss as party defendants Darren, Meeks and Minnick with leave to move for reinstatement within 30 days is granted. Defendant's Panganiban's motion for summary judgment is denied without prejudice. Defendant Panganiban's motion to dismiss Count III and V are granted. Discovery is authorized for the remaining claims against defendant Panganiban only and all discovery must be completed by 08/16/04. Dispositive motions are to be filed by 08/31/04. Responses to the dispositive motions, if any, are to be filed by 09/15/04 and replies, if any, are to be filed by 09/22/04. Counsel for the plaintiff and defendant McGill are directed to meet and confer to try and resolve this matter. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 27 2004 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | 34 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 2004 MAY 27 PM 3:36 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DIRECTV, Inc. )
)
      Plaintiff, )
)
v. ) No. 03 C 3492
)
Sheldon Massey, Kenneth McGill, )
Darren Meeks, Norman Miller, )
Robert Minnick, and )
Aaron Panganiban )
)
      Defendants. )

DOCKETED MAY 2 7 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Aaron Panganiban's ("Panganiban") motion for summary judgment and motion to dismiss Counts III and V. For the reasons stated below, we deny the motion for summary judgment and grant the motion to dismiss Counts III and V.

## BACKGROUND

Plaintiff DIRECTV, Inc. ("DIRECTV") alleges that Panganiban purchased a pirating device that he used to unlawfully intercept DIRECTV satellite signals.

1

Panganiban claims that he purchased the device known as the "Vector Super Unlooper with SU2 Code" in order to create a security system for computers at his place of employment. DIRECTV has brought a five count complaint and Panganiban has moved to dismiss Count III which is a claim alleging a violation of 18 U.S.C. § 2512. Panganiban has also moved to dismiss Count V which is a state conversion claim. Panganiban also moved for summary judgment despite the fact that the parties have not yet been given an opportunity to exchange formal discovery.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must

allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest

on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Summary Judgment Motion

Panganiban has moved for summary judgment on all counts. He contends that he purchased the "Vector Super Unlooper with SU2 Code" in order to create a security system for computers at his workplace. According to Panganiban, when he received the device there were no instructions included or any type of software that

4

explained how the device worked. Panganiban claims that he never connected the device to a DIRECTV system and never used the device to intercept DIRECTV satellite signals. Panganiban has attached an affidavit to his motion for summary judgment attesting to these facts. DIRECTV states that in order for it to adequately respond to the motion for summary judgment it needs to be allowed to conduct discovery in this case and in particular that it needs to take the deposition of Panganiban. We agree. DIRECTV does claim that it has evidence regarding Panganiban's membership in various pirating websites. DIRECTV also correctly points out that Panganiban's affidavit is silent regarding some of the unlawful activity alleged in the complaint. However, we need not address such allegations at this juncture. The purpose of a summary judgment review is to determine if there is sufficient evidence that a reasonable trier of fact could find in the non-movant's favor. A summary judgment review should not be based solely on allegations and speculation.

After reviewing the summary judgment briefs, we have concluded that this summary judgment motion is premature. Therefore, we shall allow the parties to conduct discovery. It would not make sense to allow only limited discovery and then conduct another summary judgment review only to discover that the parties need some additional discovery. The disputed issues that DIRECTV seeks discovery

for go to the heart of this case and therefore, in the interest of judicial efficiency, at this point the proper course is for the parties to conduct full discovery. If, after discovery, a party believes that the evidence is overwhelmingly in their favor or that the other side lacks evidence to support its contentions and that no reasonable trier of fact could find for the other side, then the party may move for summary judgment at that point. Therefore, we deny the motion for summary judgment without prejudice.

## II. Violation of 18 U.S.C. § 2512 (Count III)

In Count III of the complaint DIRECTV alleges a violation of 18 U.S.C. § 2512 of the Electronic Communications Privacy Act which states in part as follows:

> **(1)** Except as otherwise specifically provided in this chapter, any person who intentionally–
>
> **(a)** sends through the mail, or sends or carries in interstate or foreign commerce, any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications;
>
> **(b)** manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; or
>
> **(c)** places in any newspaper, magazine, handbill, or other publication or disseminates by electronic means any advertisement of--
>
> **(i)** any electronic, mechanical, or other device knowing the content of the

advertisement and knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications; or

(ii) any other electronic, mechanical, or other device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of wire, oral, or electronic communications, knowing the content of the advertisement and knowing or having reason to know that such advertisement will be sent through the mail or transported in interstate or foreign commerce,

shall be fined under this title or imprisoned not more than five years, or both.
. . .

18 U.S.C. § 2512. While 18 U.S.C. § 2512 is criminal in nature, 18 U.S.C. § 2520 provides the following thus allowing for a civil claim:

(a) **In general.**--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520. Panganiban claims that 18 U.S.C. § 2520 does not provide for a private civil cause of action under 18 U.S.C. § 2512.

We agree with the reasoning in regards to this precise issue set out in *DIRECTV, Inc. v. Hinton*, 2004 WL 856555, at *2-*3 (N.D. Ill. 2004)(J. Darrah), *DIRECTV, Inc. v. Frey*, 2004 WL 813539, at *1-*4 (N.D. Ill. 2004)(J. Zagel), and *DIRECTV, Inc. v Castillo*, 2004 WL 783066, at *1 (N.D. Ill. 2004)(J. St. Eve). DIRECTV argues that § 2520 creates a civil cause of action for all violations of the chapter, focusing on the word "chapter" in § 2520. However, it is clear from the

plain language of § 2520 that the scope of the civil action is more limited than a violation of the entire chapter. It specifically states that § 2520 is limited to a communication that is "intercepted, disclosed, or intentionally used in violation of this chapter" 18 U.S.C. § 2520. Congress expressly created a private cause of action in § 2520 and it is not appropriate to infer a broader cause of action than is stated without a clear indication of Congressional intent to support such an inference. *Hinton*, 2004 WL 856555 at *3. It is also clear from 18 U.S.C. § 2511 that Congress did not intend the interpretation of 18 U.S.C.A. § 2520 proposed by DIRECTV because 18 U.S.C. § 2511 provides the same protection that DIRECTV seeks to create from its overly broad interpretation of 18 U.S.C.A. § 2520. DIRECTV has in fact filed a claim based upon 18 U.S.C. § 2511 against Panganiban for intercepting DIRECTV signals. Under 18 U.S.C. § 2511, which is entitled "§ 2511. Interception and disclosure of wire, oral, or electronic communications prohibited" an individual violates the act if he "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . [or] intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication . . . ." 18 U.S.C. § 2511. This would go hand in hand with § 2520's authorization of a civil action for communications that are "intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C.A. § 2520. We also

8

note that DIRECTV is already seeking to recover from Panganiban under 18 U.S.C. § 2511 in Count II of its complaint. Therefore, we grant the motion to dismiss Count III against Panganiban.

III. Conversion Claim (Count V)

Panganiban also seeks the dismissal of Count V which alleges a claim for conversion. Panganiban argues that the conversion claim cannot be based upon his alleged use of satellite signals because such signals are not a tangible object. Panganiban cites to *Liberty Mut. Ins. Co. v. Construction Mgmt Servs., Inc.*, which states that "[g]enerally, a conversion action lies only for 'personal property which is tangible, or at least represented by or connected with something tangible.'" 2001 WL 1159203, at *5 (N.D. Ill. 2001)(quoting *In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985)).

To state a conversion claim in Illinois a plaintiff must allege that "(1) it has a right to the property at issue; (2) it has an absolute and unconditional right to the immediate possession of that property; (3) it made a demand on the defendant for possession of the property; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Castillo*, 2004 WL 783066 at *2 (citing *Cirrincione v. Johnson,* 703 N.E.2d 67, 70 (Ill.1998)). The Supreme Court of Illinois has defined conversion as "any

unauthorized act, which deprives a man of his property permanently or for an indefinite time" and has stated that the "essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *In re Thebus*, 483 N.E.2d at 1260(quoting *Union Stock Yard & Transit Co. v. Mallory, Son & Zimmerman Co*, 41 N.E. 888 (Ill. 1985) and *Jensen v. Chicago & Western Indiana R.R. Co*, 419 N.E.2d 578 (Ill. App. 1981)). The Supreme Court of Illinois also has stated that traditionally conversion is defined as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Id.*

We do not need to decide whether the intangible nature of satellite signals makes conversion an improper claim in this action because DIRECTV has failed to establish that it was in any way denied the use of or control over the signals. The satellite signals are broadcast into the open air and there are no allegations that Panganiban exercised such dominion and control over the signals as to deprive DIRECTV, the rightful owner of the signals, the use of them. *See Hinton*, 2004 WL 856555 at *3-*4 (dismissing conversion claim); *Frey*, 2004 WL 813539 at *4 (dismissing conversion claim); *Castillo*, 2004 WL 783066 at *2 (dismissing conversion claim). DIRECTV has not alleged that any of the signals sent to its paying customers were disrupted as a result of Panganiban's interception or that DIRECTV was somehow unable to enjoy the benefit of those signals sent out.

Therefore, we grant the motion to dismiss Count V against Panganiban.

## CONCLUSION

Based on the foregoing analysis, we deny Panganiban's motion for summary judgment without prejudice. We grant the motion to dismiss Count III against Panganiban and grant the motion to dismiss Count V against Panganiban. Discovery is authorized for the remaining claims against Panganiban only and all discovery must be completed by August 16, 2004. Dispositive motions are due August 31, 2004. Answers are due September 15, 2004. Replies are due September 22, 2004. Next status hearing is set for August 19, 2004.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 26, 2004